# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. RISLEY,<br><br>　　　　　Defendant. | Case No. 1:15-cv-00949 LJO DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Archie Cranford ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action on June 24, 2015. Pursuant to Court order, he filed a First Amended Complaint on November 16, 2015.

**A.　LEGAL STANDARD**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681

1

(9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Coalinga State Hospital in Coalinga, California.

Plaintiff alleges that Defendant took over for another doctor and was supposed to monitor the levels of lithium in his blood to ensure that he was not getting too much.  Plaintiff contends that Defendant failed to do so, and he became very sick after he continued to take the medication.  Plaintiff had to be taken to an outside hospital, where it was determined that he was suffering from lithium poisoning.  Plaintiff had taken so much lithium that his gall bladder was destroyed.

Plaintiff had surgery to remove his gall bladder.  He suffered a mild stroke while he was on the operating table.  As a result, he lost some function on the right side of his face, which can be regained with therapy.

**C.    ANALYSIS**

1.    Defendant

In the caption of the First Amended Complaint, Plaintiff names Dawnmarie Risley as the Defendant.  However, in the portion of the form where Plaintiff is directed to list the defendants and their place of employment, he names "Angela Badagon, PT" of Coalinga State Hospital.  ECF No. 11, at 2.  In his allegations, Plaintiff simply refers to "Defendant."

2

Plaintiff's original complaint named Defendant Risley as the sole Defendant. The Court cannot, however, refer back to his original complaint to determine which Defendant is the correct Defendant. Angela Badagon may be a Defendant in Plaintiff's other action in this Court, 1:11-cv-00736 BAM, but the Court can't make such an assumption.

### 2. Referring Back to Plaintiff's Original Complaint

In the damages portion of the complaint, Plaintiff states, "see original complaint for relief." ECF No. 11, at 5. Again, however, the Court cannot refer back to the original complaint because it has been superceded by his First Amended Complaint. Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The Court explained in the prior screening order that an amended complaint must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

### 3. Medical Care

The courts have commonly applied Eighth Amendment standards to claims made by civil detainees under the Fourteenth Amendment. See e.g., Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998) (applying Eighth Amendment standards to evaluate pretrial detainees' Fourteenth Amendment claims).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122

3

(citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In the prior screening order, the Court found that Plaintiff's allegations were too vague to state a claim for relief. The Court gave specific examples of facts that were missing- such as how Defendant failed to monitor his medication, or how she was, in any way, involved in his treatment.

In amending, Plaintiff has added little, if any, new factual information. While he states that he underwent surgery and had a minor stroke, he does not offer any facts specifically related to Defendant's treatment. In fact, Plaintiff now omits the place where the treatment occurred and the time frame at issue.

Again, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights, and must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

While Plaintiff may ultimately be able to state a claim, he must provide more facts relating to Defendant's treatment. Without additional facts, the Court cannot determine whether Defendant acted with deliberate indifference.

### D. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim for which relief may be granted.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint, if he believes that he can cure the deficiencies in good faith. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

4

U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and
4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed.</u>

IT IS SO ORDERED.

Dated:  **February 24, 2016**            /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE