**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. RISLEY,<br><br>          Defendant. | Case No. 1:15-cv-00949 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Archie Cranford ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action on June 24, 2015.

On October 28, 2015, the Court screened his complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint on November 16, 2015.

The Court screened Plaintiff's First Amended Complaint on February 25, 2016, and dismissed it with leave to amend. He filed his Second Amended Complaint on March 8, 2016.[1] He names Dawnmarie Risley as the sole Defendant.

**A.    LEGAL STANDARD**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. §

---

[1] Plaintiff's document is titled, "Motion for Second Amended Complaint," and contains his factual allegations. The motion is not on a form complaint. However, given that Plaintiff was due to file an amended complaint and this filing included his factual allegations, the Court will consider this to be his Second Amended Complaint.

1

1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue occurred.

Defendant is a psychologist at CSH, and was working under another doctor's license.  When she began working in Unit 1, Plaintiff was on a safe dose of lithium.  However, when Defendant took over the presiding doctor's duties, Defendant raised the dose.  Plaintiff's dose is supposed to be monitored by blood draws every month.  Plaintiff contends that Defendant permitted him to go "well beyond" the standard amount of time prior to checking the medication level.

Plaintiff contends that the dose was too high and that he became very sick. He had to spend time in an outside hospital, when he had his gallbladder removed. The doctor who performed the removal told him that the organ had "rotted away" due to lithium poisoning. ECF No. 16, at 1.

Plaintiff alleges that Defendant failed to monitor his lithium level, as she should have done. He contends that he cannot take pain medications containing aspirin and therefore had to endure certain amounts of pain after the surgery.

## C.   ANALYSIS

The courts have commonly applied Eighth Amendment standards to claims made by civil detainees under the Fourteenth Amendment. See e.g., Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998) (applying Eighth Amendment standards to evaluate pretrial detainees' Fourteenth Amendment claims).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In the first screening order, the Court found that Plaintiff's allegations were too vague to state a claim for relief. The Court gave specific examples of facts that were missing- such as how Defendant failed to monitor his medication, or how she was, in any way, involved in his treatment.

In the order screening his First Amended Complaint, the Court explained that Plaintiff added little, if any, new factual information. Without additional facts relating to Defendant's treatment, the Court could not determine whether Defendant acted with deliberate indifference.

In his latest amendment, Plaintiff again fails to correct this deficiency. While he continues to allege that Defendant increased his lithium dose and failed to properly monitor the level of medication, he does not provide any facts to suggest that she "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837. He again fails to provide specific facts relating to her treatment, and he therefore fails to state a claim for which relief may be granted.

## D.   **CONCLUSION AND ORDER**

Plaintiff has had two opportunities to correct the deficiencies in his claim, but he has failed to do so. The Court informed Plaintiff in the prior screening order that this would be his final opportunity to amend. As Plaintiff continues to provide insufficient facts to show that Defendant acted with deliberate indifference, the Court finds that further leave to amend is not warranted.

Therefore, the Court recommends that this action be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the ///

///

///

///

4

specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2016**                               **/s/ Sandra M. Snyder**
                                                                 UNITED STATES MAGISTRATE JUDGE